**SILVIA GONZALEZ**
1524 West King Boulevard
Los Angeles, California 90062
Tel: (323) 290-0761
*Defendant: In Propria Persona*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BOUYER, an individual ) | Case No. 2:20-cv-09240-ODW-PVC |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | |
| SILVIA GONZALEZ, an individual; ) | |
| JOSE GONZALEZ GUTIERREZ and ) | **DEFENDANT'S, SILVIA** |
| LEANDRA GONZALEZ, individually ) | **GONZALEZ; ANSWER TO** |
| and as trustees of the GONZALEZ ) | **COMPLAINT FOR DAMAGES** |
| PEREZ 2017 REVOCABLE TRUST; and ) | **AND INJUNCTIVE RELIEF** |
| DOES 1-10, inclusive, ) | |
| ) | |
| Defendants. ) | |

COMES NOW the Defendant, Silvia Gonzalez (hereinafter as "Silvia"), In Propria Persona, and hereby files her Answer to the Plaintiff's Complaint for Damages and Injunctive Relief on file herein, and states as follows:

# I.
# PARTIES

1.    The Defendant Silvia admits the allegations contained in paragraph 4 and 5 of the Plaintiff's Complaint on file herein.

2.     The Defendant Silvia lacks sufficient knowledge or information to form an opinion or belief as to the truth of the allegations contained in paragraphs 1, 2, 3, 6, and 7 of the Plaintiff's Complaint on file herein, and therefor denies such.

## II.
## JURISDICTION AND VENUE

4.   The Defendant Silvia lacks sufficient knowledge or information to form an opinion or belief as to the truth of the allegations contained in paragraph 8, 9, and 10 of the Plaintiff's Complaint on file herein, and therefor denies such.

## III.
## FACTUAL ALLEGATIONS AND CAUSES OF ACTION

5.     The Defendant Silvia lacks sufficient knowledge or information to form an opinion or belief as to the truth of the allegations contained in paragraphs 11, 14, 15, 16, 19, 20, 21, 22, 23, 26, and 27 of the Plaintiff's Complaint on file herein, and therefor denies such.

6.     The Defendant Silvia denies the allegations contained in paragraphs 12, 13, 17, 18, 24, 25, 28, and 29 of the Plaintiff's Complaint on file herein.

## FIRST CAUSE OF ACTION
## (Violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § *et seq*. as amended by the ADA Amendments Act of 2008, P.L. 110-325)

7.     In answering paragraph 30, the Defendant Silvia hereby repeats and realleges her admissions and denials as though fully set forth herein.

8.     The Defendant Silvia denies the allegations contained in paragraphs 31, 32, 33, 34, and 35 of the Plaintiff's Complaint on file herein.

## SECOND CAUSE OF ACTION
## (Violation of the UCRA, California Civil Code § 51 *et seq*.)

9.     In answering paragraph 36, the Defendant Silvia hereby repeats and realleges her admissions and denials as though fully set forth herein.

10.     The Defendant Silvia denies the allegations contained in paragraphs 37, 38, and 39 of the Plaintiff's Complaint on file herein.

## **AFFIRMATIVE DEFENSES**

### I.

Plaintiff's claims are barred under the doctrine of Unclean Hands.

### II.

Plaintiff's claims are barred for lack of Privity of Contract and/or failure of consideration.

### III.

Plaintiff's claims are barred under the doctrine of Accord and Satisfaction.

### IV.

Plaintiff's claims are barred under the doctrine of Waiver.

### V.

Plaintiff's claims are barred under the doctrine of Estoppel.

### VI.

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### VII.

Plaintiff's claims are barred for Want of Consideration.

### VIII.

Plaintiff's claims are barred under the doctrine of Laches.

### IX.

Plaintiff's claims are barred by the applicable Statute of Limitations.

### X.

Plaintiff's claims are barred under the doctrine of Unconscionability.

### XI.

Plaintiff's claims are barred for lack of Reliance.

///

## XII.

Plaintiff's claims are barred for Contributory Negligence as the Plaintiff's, or each of them, negligence exceeded any claimed or alleged negligence by the Defendant(s) and each of them.

## XIII.

Plaintiff's claims are barred for Comparative Negligence as the Plaintiff's, or each of them, negligence exceeded any claimed or alleged negligence by the Defendant(s) and each of them.

## XIV.

Plaintiff's claims are barred as a result of Consent by one or more of the Plaintiffs.

## XV.

Plaintiff's claims are barred as a result of Duress.

## XVI.

Plaintiff's claims are barred as a result of their Knowledge.

## XVII.

Plaintiff's claims are barred as the alleged acts or omissions by the Defendant(s) and each of them, were not willful, wanton or in reckless disregard of the Plaintiffs, or each of them.

## XVIII.

Plaintiff's claims are barred as the alleged acts or omissions by the Defendant(s) were not intentional.

## XIX.

Plaintiff's claims are barred as the injuries claimed by the Plaintiffs are the result of actions or omissions by one or more of the Plaintiff(s), or other person(s) or business entity(ies), or by a fellow servant(s), and not the Defendant(s).

## XX.

Plaintiff's claims are barred as the injuries claimed by the Plaintiffs are the result of a superseding intervening cause, including but not limited to the actions or omissions by one or more

person(s) or business entity(ies), who are/were associated with the Plaintiff(s), or who were involved with business or the subject matter of the Complaint with or involving the Plaintiff(s).

### XXI.
Plaintiff's claims are barred as a result of Release.

### XXII.
Plaintiff's claims are barred under Equity.

### XXIII.
Plaintiff's claims are barred under set-off and unjust enrichment.

### XXIV.
Plaintiff's claims are barred under Res Judicata.

### XXV.
Plaintiff's claims are barred under discharge in bankruptcy.

### XXVI.
Plaintiff's claims are barred under Arbitration and Award.

### XXVII.
Pursuant to Rule 15 of the Federal Rules of Civil Procedure, as amended, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of the Defendant's Answer, and therefore, the answering Defendant reserves the right to amend this Answer to allege additional affirmative defenses, if subsequent investigation so warrants.

**REQUEST FOR RELIEF:**

   WHEREFORE, the Defendant Silvia Gonzalez prays for the following relief:

1.  Dismissal of the Plaintiff's action with prejudice;

2.  That the Plaintiff takes nothing by virtue of the Complaint on file herein.

3.  This answering Defendant be awarded its attorney's fees and costs of suit incurred herein; and

4.  This answering Defendant is awarded such other and further relief as the Court may deem just and proper.



   I declare under oath and penalty of perjury under the laws of the State of California that the above is true and correct.

   DATED this 1st day of December, 2020.

SILVIA GONZÁLEZ
1524 West King Boulevard
Los Angeles, California 90062
Tel: (323) 290-0761
Defendant In Pro Per

1

2                        **PROOF OF SERVICE BY MAIL**

3

4          I, the undersigned, declare that I am a resident of the county aforesaid; I am over the age of

5   eighteen years and not a party to the within entitled action; my address is: 2010 Wilshire Blvd. # 509;

6   Los Angeles, CA 90057.  On December 02, 2020, I served the foregoing documents described as:

7

8       **(1) DEFENDANT'S ANSWER TO COMPLAINT FOR DAMAGES AND INJUNCTIVE**
            **RELIEF.**

9

10

11       (X )    By MAIL: placing a true copy thereof enclosed in sealed envelopes addresses as

12              follows:

13

14       1.   JOSEPH R. MANNING JR,ESQ
              MANNING LAW, APC
15            20062 SW BIRCH STREET, STE 200
              NEW PORT BEACH, CA 92660

16

17           I caused such envelopes with postage thereon fully prepaid to be placed in the United
18   States mail at Los Angeles, California.

19           I am "readily familiar" with the firm's practice of collection and processing
     Correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on
20   the same day with the postage thereon fully prepaid at Burbank, California in the ordinary course of
     business.   I am aware that on motion of a party served, service is presumed invalid if postal
21   cancellation date or postage meter date is more than one day after the date of deposit for mailing
     affidavit.
22

23           I declare under penalty of perjury under the laws of the State of California that the
     foregoing is true and correct.
24

25           Executed on December 2, 2020, at Los Angeles, California.

26

27                                                         Martha P. Reyes

28
                                        *PROOF OF SERVICE*
                                                1